# STATE OF WEST VIRGINIA

## SUPREME COURT OF APPEALS

**FILED**

April 19, 2013
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**SHERRY L. KEY,**
**Claimant Below, Petitioner**

**vs.)    No. 11-1021** (BOR Appeal No. 2045432)
(Claim No. 2010103875)

**WEST VIRGINIA OFFICE OF**
**INSURANCE COMMISSIONER**
**Commissioner Below, Respondent**

**and**

**WAL-MART ASSOCIATES, INC.,**
**Employer Below, Respondent**

## MEMORANDUM DECISION

Petitioner Sherry L. Key, by Samuel F. Hanna, her attorney, appeals the decision of the West Virginia Workers' Compensation Board of Review. Wal-mart Associates, Inc., by H. Dill Battle, its attorney, filed a timely response.

This appeal arises from the Board of Review's Final Order dated June 7, 2011, in which the Board affirmed a November 30, 2010, Order of the Workers' Compensation Office of Judges. In its Order, the Office of Judges affirmed the claims administrator's January 19, 2010, order. The Court has carefully reviewed the records, written arguments, and appendices contained in the briefs, and the case is mature for consideration.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

1

Ms. Key was working in the receiving department of a Wal-mart store on August 26, 2009, when a security gate fell. Claimant sustained compensable injuries to her right hand, back and right ankle. Ms. Key was treated at the emergency room at Charleston Area Medical Center – Teays Valley, and followed up with her family physician, Dr. Sta Ana. Ms. Key missed two days of work, she then returned to work without limitations. Ms. Key received hand therapy, an examination by a hand specialist, physical therapy and narcotic pain medication for her back injury. After conservative treatment failed to relieve the claimant's pain, Dr. Sta Ana requested a referral to a pain clinic. The claims administrator denied the request.

The Office of Judges noted that West Virginia Code of State Rules §85-20-49.5(d) requires that to be approved for pain clinic management an injured worker must demonstrate at least three months of temporary total disability or be unable to return to work because of pain; or have depression, anxiety, fear/avoidance, poor coping skills or anger that prevent rehabilitation. Ms. Keys missed only two days of work and then returned to work without restrictions. No evidence was submitted that Ms. Keys displays any psychosocial barriers to rehabilitation or the need for rehabilitation. Therefore, the Office of Judges found that the preponderance of the evidence did not support the approval of a pain clinic referral as being reasonably required. The Board of Review reached the same reasoned conclusion in its decision of June 7, 2011. We agree that pain clinic referral is not medically related or reasonably required.

For the foregoing reasons, we find that the decision of the Board of Review is not in clear violation of any constitutional or statutory provision, nor is it clearly the result of erroneous conclusions of law, nor is it based upon a material misstatement or mischaracterization of the evidentiary record. Therefore, the decision of the Board of Review is affirmed.

Affirmed.

**ISSUED:   April 19, 2013**

**CONCURRED IN BY:**
Chief Justice Brent D. Benjamin
Justice Robin J. Davis
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Allen H. Loughry II